[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13587

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

QUINCETTA YVONNE CARGILL,
a.k.a. Queen,
a.k.a. Tonya,
a.k.a. Angela Scott,
a.k.a. Antela Scott,
a.k.a. QuincetTucker,
a.k.a. Quincetta Tucker,

2                    Opinion of the Court                    22-13587

Defendant-Appellant.

—————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:17-cr-00356-RDP-JHE-1

—————————————

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Quincetta Cargill, proceeding *pro se*, appeals the district court's denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  However, in her 80-page brief on appeal, she addresses only issues related to the validity of her underlying convictions; she does not address the district court's denial of compassionate release.  The government in turn moves for summary affirmance of the district court's order and to stay the briefing schedule, arguing that Cargill abandoned any challenge to the district court's denial of her § 3582(c)(1)(A) motion by not briefing it on appeal.  In reply, Cargill states that although her brief does not address the motion for compassionate release, she listed issues with the district court's denial in her notice of appeal.  She then reiterates some of the issues that she contends undermine the validity of her conviction.

22-13587                Opinion of the Court                3

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

*Pro se* pleadings are held to a less stringent standard than counseled pleadings and, therefore, are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted). "Moreover, we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Id.* Accordingly, by failing to raise the issues related to the district court's denial of Cargill's motion for compassionate release in her initial brief, Cargill abandoned any challenge to the trial court's denial of her motion.[2]

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions from the Fifth Circuit Court of Appeals issued before September 30, 1981, are binding precedent in the Eleventh Circuit).

[2] We note that even if we were to consider the "issues" referenced by Cargill in her notice of appeal, summary affirmance would still be appropriate. Cargill did not establish the existence of an extraordinary and compelling reason for compassionate release as defined in the Sentencing Guidelines. Specifically, Application Note 1 to U.S.S.G. § 1B1.13 sets forth four circumstances under which "extraordinary and compelling reasons exist": (A) the defendant suffers from (i) "a terminal illness," or (ii) a permanent health condition "that

Thus, because the government's position is clearly correct as a matter of law, we **GRANT** the government's motion for summary affirmance and **DENY AS MOOT** its motion to stay the briefing schedule. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

---

substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover"; (B) the defendant is "at least 65 years old," "is experiencing a serious [age-related] deterioration in physical or mental health," and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less"; (C) the defendant's assistance is needed in caring for the defendant's minor child, spouse, or registered partner due to (i) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or (ii) "[t]he incapacitation of the defendant's spouse or registered partner"; and (D) there exist "other" extraordinary and compelling reasons "[a]s determined by the Director of the Bureau of Prisons." *See* U.S.S.G. § 1B1.13 cmt. (n.1 (A)–(D)). Cargill's allegations in her notice of appeal that she was entitled to compassionate release based on the risk and spread of COVID-19, "fear of death due to contagion," concerns over the COVID vaccine, as well as the ongoing war between Russia Ukraine, and her "growing fear of HATE RELATED CRIMES/DOMESTIC TERRORISM" do not satisfy any of the four extraordinary and compelling circumstances defined in U.S.S.G. § 1B1.13. Accordingly, the district court did not err in denying Cargill's motion.